UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO GUERRA AND MARY ESTHER GUERRA | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:17-cv-00167 |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | § § § § | |
| Defendant | § | Jury Requested |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Metropolitan Lloyds Insurance Company of Texas ("METROPOLITAN LLOYDS"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

### I. INTRODUCTION

1.  This removal is based on diversity jurisdiction. Plaintiffs Jose Ignacio Guerra and Mary Esther Guerra ("Plaintiffs") seek redress from Defendant METROPOLITAN LLOYDS, alleging negligence and loss of consortium for which they seek declaratory relief related to Plaintiffs' right to recover underinsured motorist ("UIM") benefits under the subject METROPOLITAN LLOYDS' Policy, arising from a March 26, 2014 motor vehicle accident in Nueces County, Texas.

2.  Plaintiffs are now, and were at the time of removal, and at the time of the filing of the instant lawsuit, citizens of Texas.

3.  In contrast, Defendant METROPOLITAN LLOYDS is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, an unincorporated association of underwriters which have associated together for the purposes of engaging in the business of insurance as permitted under Chapter 941 of the Texas Insurance Code, as amended.

METROPOLITAN LLOYDS is neither a partnership, joint stock company, corporation, nor a quasi-corporation. METROPOLITAN LLOYDS is comprised of twelve (12) underwriters, all of whom reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations. METROPOLITAN LLOYDS is administratively headquartered in the City of Warwick, Kent County, State of Rhode Island and Providence Plantations. For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

4. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In particular, Plaintiffs' Original Petition seeks monetary relief "of One Million Dollars ($1,000,000.00)."

5. Defendant METROPOLITAN LLOYDS files its Notice of Removal within thirty days of service of Plaintiffs' Original Petition. This action has been on file for less than one year.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

**A. Diversity Jurisdiction Exists**

6. Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas. (Exh. 5 at para. III). In contrast, Defendant METROPOLITAN LLOYDS, is now, and was at the time of removal, and the time of the filing of the instant lawsuit, an unincorporated association of underwriters whose members reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) ("Royal is an unincorporated association that sells insurance under

a so-called "Lloyd's plan."  For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members.").  Thus, diversity of citizenship between the parties exists.

7. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1332, 1441.  Specifically, Plaintiffs allege that they seek monetary relief "of One Million Dollars ($1,000,000.00)."  (Exh. 5 at para. VII); *Wright v. Spindletop Films, L.L.C.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum.  [Plaintiff's] assertions are sufficient to support diversity jurisdiction.").

**B.  Removal Is Timely**

8. Defendant METROPOLITAN LLOYDS was served with a copy of Plaintiffs' Original Petition on April 21, 2017.  (Exh. 5 and 7).  METROPOLITAN LLOYDS files this Notice of Removal within thirty days after service.  28 U.S.C. § 1446(b)(1).  In addition, the suit has been pending for less than a year.  Therefore, removal of this action is timely.

### III.  COMPLIANCE WITH REMOVAL PROCEDURES

23. Attached to this Notice of Removal as Exhibits 1-10 are the following documents required by 28 U.S.C. § 1446(a) and S.D. TEX. LOC. R. 81 (these documents are hereby incorporated by reference in all respects):

   1. Cover Sheet – Federal Court.
   2. Index of Removal Documents.
   3. Copy of State Court Docket Sheet as of May 17, 2017.
   4. Civil Cover Sheet – State Court.
   5. Plaintiffs' Original Petition filed March 31, 2017.

6. Citation issued by State Court.
7. Return of Service.
8. Defendant's Special Exceptions and Original Answer.
9. List of Counsel of Record.
10. Notice of Removal to Plaintiff.
11. Notice of Removal to State Court.

24. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas, Corpus Christi Division, embraces Nueces County, Texas, where the state court action was filed and is currently pending. 28 U.S.C. § 124(c)(6). Specifically, Plaintiffs filed suit in Nueces County Court at Law Number 3, Cause No. 2017CCV-60620-3.

25. METROPOLITAN LLOYDS will immediately file a copy of their Notice of Removal with the clerk of the state court in which the state court action is pending.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Metropolitan Lloyds Insurance Company of Texas requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

 /s/ Rebecca Kieschnick
Rebecca R. Kieschnick
Federal I.D. No. 0352
State Bar No. 21566900
Kristina Fernandez
Federal I.D. No. 23651
State Bar No. 24010021
Rachel L. McKenna
Federal I.D. No. 3041799
State Bar No. 24102183
ATTORNEYS-IN-CHARGE FOR
DEFENDANT, METROPOLITAN
LLOYDS INSURANCE COMPANY
OF TEXAS

OF COUNSEL:

DONNELL, ABERNETHY& KIESCHNICK, P.C.
555 North Carancahua, Suite 400
Post Office Box 2624
Corpus Christi, Texas  78403-2624
Telephone No.:  (361) 888-5551
Telecopier No.:  (361) 880-5618

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded Electronically and/or by Telecopier, to the parties listed below, on this the 17th day of May, 2017.

    Randall Barrera
    Law Office of Randall Barrera, PLLC
    5959 S. Staples, Suite 208
    Corpus Christi, Texas 78413
    Email: rbarrerafirm@gmail.com

                            */s/ Rebecca Kieschnick*_____
                             Rebecca R. Kieschnick

N:\ATTYS\rrk\Cases\Guerra v. MetLife\Pleadings\Notice of Removal.doc